## THE MAR MEDITERRANEO.

(District Court, E. D. New York. June 5, 1924. On Reargument, July 18, 1924.)

1. **Shipping ⊃132(2) — Libel for failure to properly transport shipment must inform claimant of nature of damage.**

Libel for failure to properly transport shipment must inform claimant of nature of damage claimed to have been suffered.

2. **Shipping ⊃132(2)—Libel held defective for failure to inform claimant of nature of damage.**

Libel for failure to properly transport shipment, alleging that merchandise was not "in like good order and condition as when shipped, but short, slack, and seriously injured and damaged by and through the negligence of the steamship," *held* defective for failure to inform claimant of nature of damage.

3. **Shipping ⊃106—Libel for failure to properly transport goods held not defective for failure to show compliance with notice clause in bill of lading.**

Libel for failure to properly transport shipment, reciting agreement of carriage and subsequent issuance of bill of lading, was not defective for failure to show on its face either a compliance with notice clause in bill of lading or waiver thereof, since contract arose before bill of lading was issued, and the bill of lading was therefore merely a receipt for the goods.

4. **Shipping ⊃106—Bill of lading, issued after contract of carriage was entered into, is merely receipt for goods.**

Bill of lading, issued after contract of carriage was entered into, is merely a receipt for the goods to be transported.

5. **Shipping ⊃132(2)—Libel held not defective for failure to make bill of lading part thereof.**

Libel for failure to properly transport goods *held* not defective for failure to make bill of lading a part of the libel, where libelant did not rely upon the bill of lading.

### On Reargument.

6. **Shipping ⊃120—Negligence need not be alleged or proved in libel for failure to properly transport shipment.**

In libel for failure to properly transport shipment, it is not necessary to allege or prove negligence.

In Admiralty. Libel by J. Moretzky & Co., Inc., against the steamship Mar Mediterraneo, etc., claimed by the Kerr Steamship Company, Inc. On exceptions to libel. Overruled in part, and sustained in part.

Joffe & Joffe, of New York City (Louis Joffe, of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Harry D. Thirkield, of New York City, and Bruce O. Townsend, of counsel), for claimant.

GARVIN, District Judge. The suit is brought to recover damages for the alleged failure of the steamship Mar Mediterraneo to properly transport a shipment of onions from Spain to New York. Exceptions to the libel, four in number, have been filed. They are as follows:

"(1) That the libel does not apprise the claimant of the nature of the bad order and condition of the goods on their delivery at destination, so that the answer may go only to that allegation.

"(2) That the libel does not apprise the claimant of the fault of the steamship in respect to the loading, stowage, custody, care, and delivery of the merchandise, and by reason of the premises the libel does not state a cause of action.

"(3) That the libel does not show on its face either a compliance with the notice clause contained in the bill of lading or a waiver of compliance by claimant, and by reason of the premises the libel does not state a cause of action.

"(4) That it appears from the libel that the merchandise mentioned therein was carried subject to a written contract or bill of lading. This bill of lading was not made a part of the libel, nor was a copy annexed thereto. By reason of the premises, the libel does not state a cause of action."

[1, 2] With respect to the first exception, the libel alleges that the ship "made discharge of the said merchandise, but not in like good order and condition as when shipped, but short, slack, and seriously injured and damaged by and through the negligence of the steamship Mar Mediterraneo," etc. The claimant is entitled to know the nature of the damage which it is claimed the shipment suffered. This exception is therefore sustained.

As to the second exception, the allegations of fault are so general that claimant has no means of knowing upon what libelant will rely at the trial. It is true the claimant is supposed to know what occurred during the voyage, but not what libelant will claim to be the cause of the damage. This exception is also sustained.

[3, 4] With respect to the third exception, the libel recites an agreement of carriage, and thereafter the issuance of a bill of lading. The contract arose before the bill of lading issued, and the latter is therefore merely a receipt for the goods to be transported. Northern Pacific R. R. Co. v. American Trading Co., 195 U. S. 439, 465, 25 Sup. Ct. 84, 49 L. Ed. 269. The exception is overruled.

[5] Finally, and with respect to the fourth exception, as libelant does not rely upon the bill of lading, it is no part of the libel. The exception is overruled.

An amended libel may be filed within 20 days from the date of the order to be entered hereon.

#### On Reargument.

The decision regarding the third and fourth exceptions to the libel will remain unchanged. In the present state of the pleadings, the case seems to me to be controlled by the Northern Pacific decision, 195 U. S. 439, 25 Sup. Ct. 84, 49 L. Ed. 269. If the trial reveals that such is not the fact, and that libelant does not plead a cause of action which is based upon the facts as they existed, as disclosed by the proof, it can then be dismissed. Motion denied.

[6] I have concluded, upon further consideration, that it is not necessary to allege and prove negligence. If this is correct, the second exception to the libel is not well founded, and should not have been sustained. The motion is accordingly granted, and the exception is overruled.